IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT D. ULRICH,

    Petitioner,

v.                                                                                              CASE NO. 1:07-cv-00011-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, petition for writ of habeas corpus, by Robert D. Ulrich. Petitioner has paid the filing fee. Respondent has filed a response, Doc. 18, and Petitioner has filed a reply. Doc. 26. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner pled nolo contendere to two counts of engaging in sexual activity with a child, lewd molestation of a child, and battery of a child by expulsion of seminal fluid, and he was adjudicated guilty of those crimes. Doc. 22, Ex. A & D. Pursuant to the plea agreement, Petitioner was sentenced to 25 years imprisonment. Doc. 22, Ex. D. Petitioner did not file a direct appeal.

Subsequently, he sought post-conviction relief pursuant to Fla. R. Crim. P. 3.800 based on an alleged scoresheet error. Doc. 22, Ex. A. The motion was denied. *Id*. Petitioner appealed this ruling, which was affirmed. *Ulrich v. State*, 929 So.2d 1060 (Fla. Dist. Ct. App. 2006).

While the 3.800 motion was on appeal, Petitioner filed a Rule 3.850 motion for post-

conviction relief. In that motion, Petitioner raised the following claims: (1) that counsel was ineffective for failing to advise him of "statutory mitigating circumstances," namely that the 14-year-old girl was a "willing participant and the actual initiator of the [sexual] activities" and that his plea was not voluntary because of the misadvice; (2) that counsel was ineffective in failing to object to the lack of a factual basis for the plea. the court erred in accepting his plea without a proper factual basis; and (3) that the court violated his constitutional rights when it failed to inform Petitioner of the elements of the crimes for which he was charged. Doc. 22, Ex. D.

The state court denied the motion. As to the claim that counsel was ineffective for failing to advise Petitioner regarding mitigating circumstances, the court, citing *Strickland*, found that Petitioner did not have "an argument for mitigating circumstances," as the victim was his 14-year-old daughter, which falls outside the mitigating circumstances recognized in *Rife*." *See State v. Rife*, 789 So.2d 288 (Fla. 2001) (finding court has discretion to consider as mitigating sentencing factor whether child victim was willing participant in sexual activity). Therefore, according to the court, counsel "properly advised Defendant that his victim's alleged willing participation was not a viable claim," and Petitioner failed to show either error or prejudice. Doc. 22, Ex. D. As to the claim that counsel was ineffective for failing to object to a lack of factual basis for the plea, the court found the claim without merit, citing the court's considerable discretion in finding a factual basis for a plea and Petitioner's failure to show that he pled guilty to the wrong offense or that he had any defense to the charges or that his plea was not knowing or voluntary. *Id*.

Petitioner appealed, and the court of appeal affirmed and denied rehearing. *Ulrich v. State*, 946 So.2d 18 (Fla. Dist. Ct. App. 2006).

The instant motion ensued. On this occasion, Petitioner claims his plea was not voluntary because counsel failed to inform him of statutory mitigating circumstances, and

counsel was ineffective in failing to object to the lack of factual basis for the plea.

**DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because

that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d

783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

    1.    Involuntary plea based on failure of counsel to inform him of statutory mitigating circumstances.

As previously noted, the state court found that counsel did not improperly advise Petitioner regarding the existence of mitigating circumstances, and thus, his representation was not deficient and by extension, the plea was not involuntary. In reaching that conclusion, the state court looked to the decision in *Rife* to conclude that the facts of this case were plainly distinguishable from the facts in *Rife*. In *Rife*, the victim was 17 years old, and she and the defendant had plans to marry when she turned 18, while in contrast, the instant victim was Petitioner's 14-year-old daughter. As the supreme court cautioned in *Rife*, "[I]n determining whether this mitigator [for willing participation] applies when the victim is a minor, the trial court must consider the victim's age and maturity and the totality of the facts and circumstances of the relationship between the defendant and the victim." *Rife*, 789 So.2d at 296. Thus, as the state court found, counsel did not misadvise Petitioner regarding the existence of mitigating circumstances, as *Rife* does not mandate the application of the willing participant mitigator but only allows the court to consider its application. Even if counsel had made the argument for mitigation, which the Court assumes only for argument's sake, there is not a reasonable probability that under the facts of this case, the court would have applied the mitigator and

departed downwardly.  Thus, counsel did not render ineffective assistance of counsel. Furthermore, because counsel did not improperly advise him regarding the mitigating circumstances, Petitioner's plea was not involuntary.

2.	Failure of counsel to object to lack of factual basis for plea.

As the state court found, there was a factual basis for the plea, and thus, its conclusion that counsel was not ineffective for failure to object to a lack of factual basis is neither contrary to nor an unreasonable application of *Strickland*.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this   *19th*   day of March, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:07-cv-00011-MP-AK*